

**Optimum Law Group, P.C**.
242 Terrace Blvd. – Suite D1
Mount Laurel, NJ 08043
(856) 652-2000(T)
(856) 375-1010 (F)
Joseph D. Lento, Esquire
Member of the NJ and PA Bar
jdlento@optimumlawgroup.com

September 19, 2019

**The Honorable Noel L. Hillman, Judge**
**The Honorable Joel Schneider, Magistrate Judge**
United States District Court – District of New Jersey – Camden
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

    RE:    **MCBRIDE et al. v. KLINE CONSTRUCTION CO., INC. et al.**
             **Docket No.:   1:19-cv-14275-NLH-JS**

Your Honors,

    As you are aware, this firm is co-counsel for the Plaintiffs in the above-entitled matter. On August 28, 2019, this Court entered the Order of Administrative Termination Without Prejudice, citing 11 U.S.C. § 362 (a), and then "administratively terminated" the case without prejudice. However, I believe that this was in error, for the following reasons.

    **1.  11 U.S.C. § 362 (a) only authorizes a stay, not termination.**

    Pursuant to 11 U.S.C. § 362 (a), the filing of a voluntary petition for bankruptcy "operates as a stay . . . of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy proceedings. Robinson v. All About Changes, Inc., No. 08-CV-0445-CVE-PJC, 2009 U.S. Dist. LEXIS 76894, at *6-7 (N.D. Okla. Aug. 27, 2009).

    Furthermore, termination or dismissal of such a case is not authorized under that provision. As the Fifth Circuit stated in Pope v. Manville Forest Prods. Corp.:

> We recognize that the stay, by its statutory words, operates against "the commencement or continuation" of judicial proceedings. No specific reference is made to "dismissal" of judicial proceedings. Nevertheless, it seems to us that ordinarily the stay must be construed to apply to dismissal as well. First, if either of the parties takes any step to obtain dismissal, such as motion to dismiss or motion for summary judgment, there is clearly a continuation of the judicial proceeding. Second, in the more technical sense, just the entry of an order of dismissal, even if entered sua sponte, constitutes a judicial act toward the disposition of the case and hence may be construed as a "continuation" of a judicial proceeding. Third, dismissal of a case places the party dismissed in the position of being stayed "to continue the judicial proceeding," thus effectively blocking his right to appeal. Thus, absent the bankruptcy court's lift of the stay, or perhaps a stipulation of

> dismissal, a case such as the one before us must, as a general rule, simply languish on the court's docket until final disposition of the bankruptcy proceeding.

778 F.2d 238, 239 (5th Cir. 1985).

As a result, this Court should reconsider the Order of Administrative Termination Without Prejudice, as it is not in line with federal law.

### 2. A stay under 11 U.S.C. § 362 does not necessarily operate against co-defendants or claims.

Additionally, a stay under 11 U.S.C. § 362 (a) does not necessarily apply to the co-defendants. GAF Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 26 B.R. 405, 412 (Bankr. S.D.N.Y. 1983); *See also* In re Casgul, 22 B.R. 65 (B.A.P. 9th Cir. 1982) (automatic stay applies only for the benefit of the debtor and relief from it cannot be conditioned on forebearance from proceeding against officers or directors of the debtor corporation); In re The Bank Center Ltd., 15 B.R. 64 (Bankr. D. Conn. 1981) (action permitted against general partners of bankrupt partnership to confirm adverse judgment on arbitration award); In re Larmar Estates, Inc., 5 B.R. 328 (Bankr. E.D.N.Y. 1980) (suit against guarantors of a loan who were also co-defendants of the debtor is not stayed); In re Cloud Nine, 3 B.R. 202 (Bankr. D.N. Mex. 1980) (creditors permitted to continue state court action against co-debtors).

Here, the only party that has filed a suggestion of bankruptcy is Kline Construction Co., Inc. Even if this Court were to construe co-defendant Kline Construction Co., Inc. 401(k) Plan as covered under that stay provision, there are still three other co-defendants in this case (Katherine Kline-Penate, J. Edward Kline, and Robert Miller). However, "Section 362(a)(1) applies only to actions against the debtor." In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig., 140 B.R. 969, 977 (N.D. Ill. 1992). In fact, the Bankruptcy Code contemplates that creditors will be able to proceed against guarantors and codebtors notwithstanding the automatic stay. United States v. Dos Cabezas Corp., 995 F.2d 1486, 1492 (9th Cir. 1993); Credit Alliance Corp. v. Williams, 851 F.2d 119, 121 (4th Cir. 1988).

In In re Mahurkar, one federal court described it in the following way:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . Within a single case, some actions may be stayed, others not. Multiple claim and multiple parry litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. Thus, within one case, actions against a debtor will be suspended even though closely related claims asserted by the debtor may continue.

140 B.R. at 975; *See also* Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1992); Parker v. Bain (In re Parker), 68 F.3d 1131, 1137 (9th Cir. 1995).

Additionally, in some cases discovery proceeds with the bankruptcy-filing-party participating, "to the extent it would be as a non-party," as "[r]elated litigation goes on without the debtor." Wedgwood v. Fibreboard Corp., 706 F.2d 541 (5th Cir. 1983); Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

As a result, this Court should reconsider the Order of Administrative Termination Without Prejudice, as the stay does not necessarily or automatically apply to any co-defendants or other claims in the action.

**3. Conclusion.**

Essentially, this Court should reconsider the Order of Administrative Termination Without Prejudice, as 11 U.S.C. § 362 (a) only contemplates or authorizes a stay of the proceedings, and not termination or dismissal, and furthermore, the suggestion of bankruptcy does not operate as a stay of proceedings against the other remaining co-defendants.

Respectfully submitted,

*Joseph D. Lento*

Joseph D. Lento, Esq.

C: All Attorney of Record via ECF