# HACH ROSE SCHIRRIPA & CHEVERIE LLP

ATTORNEYS AT LAW

November 15, 2019

**VIA ECF**

Magistrate Judge Joel Schneider
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

> Re:   ***Richard McBride, et al. v. Kline Construction Co., Inc., et al.***
>          **Docket No.: 1:19-cv-14275-NLH-JS**

Dear Judge Schneider:

As you are aware, we represent the Plaintiffs in the above-referenced matter. We write pursuant to the Court's November 4, 2019 Amended Scheduling Order directing Plaintiff's to serve a letter brief on the issue of whether this case should be stayed as a result of the recent chapter 11 bankruptcy filing by Defendant Kline Construction Co., Inc. ("Kline," the "Company" or "Debtor"). (*See* Dkt. No. 22). For the reasons set forth below, we respectfully submit that staying this action would be improper and Plaintiffs should be permitted to proceed with their claims against the individual co-Defendants, J. Edward Kline ("Ed Kline"), Katherine Kline-Penate ("Kathy Kline"), and Robert Miller ("Miller") (collectively, the "Individual Defendants").

## Factual Background & Procedural History

On June 26, 2019, Plaintiffs – 14 skilled utility operators/laborers – commenced this action against their former employer, Defendant Kline, its employee benefit plan, Defendant Kline Construction Co., Inc. 401(k) Plan (the "401(k) Plan") and the Company's principals who sponsor, administrate, and serve as trustees of the 401(k) Plan, the Individual Defendants. (*See* the Complaint ("Compl."), Dkt. No. 1). Plaintiffs' allegations include, among other claims, Defendants' illegal wage practices and breaches of fiduciary duties in violation of The Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, *et seq.* ("ERISA").

Since at least 2016, Plaintiffs have been victims of an illegal pay scheme involving the Defendants' failure to remit and illegal retention of withholdings from Plaintiffs' paychecks that were designated as contributions to their individual 401(k) Plan accounts that Kline had or should have established on their behalf. (Compl., ¶¶ 1-5). The ERISA violations alleged by Plaintiffs were perpetrated by the fiduciaries of the 401(k) Plan, the Individual Defendants, who maintained and exercised exclusive discretionary authority and control over the 401(k) Plan management and disposition of the 401(k) Plan's assets. (*Id.*, ¶¶ 42-44).

112 MADISON AVENUE, • 10TH FLOOR • NEW YORK, N.Y. 10016
TELEPHONE 212.213.8311 • FACSIMILE 212.779.0028 • WWW.HRSCLAW.COM

618   247-C

Individual Defendants – in their individual capacities – were designated as the 401(k) Plan Administrator, plan sponsors, and trustees within the meaning of ERISA. As such, they are fiduciaries with respect to the 401(k) Plan and owe specific fiduciary duties, obligations and responsibilities to the plan participants – *i.e.* Plaintiffs – including, ensuring that all assets of the 401(k) Plan were held in trust for the sole benefit of the Plaintiffs (*see* ERISA § 403(a)) and refraining from dealing with assets of the 401(k) Plan in their own interest or for their own account (*see* ERISA § 406(b)(1)). (Compl., ¶¶ 97-110).

On August 21, 2019, Kline's bankruptcy attorneys, Fox Rothschild, LLP, filed a Suggestion of Bankruptcy Notice in this action (*see* Dkt. No. 12) advising that, on August 14, 2019, Kline had filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, as debtor and debtor in possession, which is currently pending under Case No. 19-25757 (the "Chapter 11 Case"). (*See* Chapter 11 Case, at Dkt. No. 1).

### The Automatic Bankruptcy Stay Does Not Apply To The Individual Defendants

The automatic stay triggered by bankruptcy proceedings is mandated by 11 U.S.C. § 362(a), which states in relevant part that a bankruptcy petition "operates as a stay, applicable to all entities, of," *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a) & (a)(1).

As a general matter, 362(a) "stays actions only against a debtor." *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997). It is "universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, or others with a similar legal or factual nexus to the . . . debtor." *Id.*, at 509 (*quoting Maritime Elec Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)). The stay also generally "does not bar an action against the principal of a debtor-corporation." *Maritime Elec Co.*, 959 F.2d at 1205.

Absent unusual circumstances "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." *See Trusted Transp. Sols., LLC v. Guarantee Ins. Co.*, No. 16-7094 (JS), 2018 U.S. Dist. LEXIS 79815, at *5 (D.N.J. May 11, 2018) (Schneider, J.) (*quoting Maritime*, 959 F.2d at 1204-05). As the Third Circuit has explained, the automatic stay does not extend to non-bankrupt parties merely because the non-bankrupt parties "are in a similar legal or factual nexus with the debtor." *Maritime*, 959 F.2d at 1204-05. To extend the stay to non-debtors merely because of factual and legal relatedness would be contrary to both the plain text of § 362 and the Third Circuit's reasoning.

Here, the August 14, 2019 bankruptcy petition filing triggered an automatic stay from continuation of this action against the ***Debtor only***, Defendant Kline. Pursuant to well-settled Third Circuit law, the automatic stay does not apply to the non-debtor Individual Defendants.

### A. "Unusual Circumstances" Do Not Exist Here To Warrant Staying The Case Against Individual Defendants Pursuant To Section 362(a)(1)

The Third Circuit has identified two "unusual circumstances" in which an automatic stay may be extended to non-debtor parties: (1) where the debtor is the real party in interest such that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor and (2) where stay protection is essential to the debtor's reorganization efforts. *McCartney*, 106 F.3d at 510. These two recognized exceptions accomplish the same goal as the automatic stay protecting the debtor during pendent bankruptcy proceedings.

#### 1. *Individual Defendants Cannot Show That A Judgment Against Them Will Effectively Be A Judgment Against Kline*

Third Circuit Courts consistently decline to find unusual circumstances where, like the case at bar, the plaintiffs allege that each non-bankrupt defendant is independently liable for their breaches of fiduciary duties owed to plaintiff, **including claims brought under ERISA.** (*See, e.g.*, Compl. ¶ 95; *see also*, 29 U.S.C. §§ 1002(21), 1104 (fiduciary standards), 1109 (liability provision)). Put simply, where claims are premised on breaches of fiduciary duties that are not merely derivative of the defendant's status as employee or officer of debtor, the defendant who owes the fiduciary duty to plaintiff is not entitled to automatic stay protection. *See Stanford v. Foamex L.P.*, No. 07-4225, 2009 U.S. Dist. LEXIS 32405, at *7 (E.D. Pa. Apr. 15, 2009) (holding where liability of non-bankrupt defendants is premised on breaches of fiduciary duties owed to plaintiff, non-bankrupt defendants, not debtor, are real parties in interest).

Here, Plaintiffs seek recovery from the Individual Defendants for their actions as *fiduciaries* under the 401(k) Plan -- and not merely employees or principals of Kline. As such, any claim by Individual Defendants that they were acting in their official capacities for Kline in the management and oversight of Plaintiff's 401(k) Plan accounts would be insufficient to demonstrate unusual circumstances. *See Kernaghan & Co. v. Global Intellicom, Inc.*, No. 99-3005, 2000 U.S. Dist. LEXIS 6650, at *15 (S.D.N.Y. May 17, 2000) (holding that stay not warranted where claims against individual defendant not derivative of his status as Chairman and CEO of debtor, but rather are premised upon defendant's own conduct, including an alleged breach of his fiduciary duty); *Forcine Concrete & Constr. Co. v. Manning Equip. Sales & Serv.*, 426 B.R. 520, 522-23 (E.D. Pa. 2010) (rejecting non-debtor individual defendants' argument that they took action in capacities as employees where they failed to offer indemnification agreement or common law authority showing entitlement to indemnification from debtor).

In *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Service Painting, Inc.*, the plaintiff-funds sued a non-debtor individual employee for breach of fiduciary duty under ERISA, which, pursuant to Section 1109, provided that a fiduciary "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach[.]" No. 18-3480, 2019 U.S. Dist. LEXIS 83446, at *15-20 (E.D. Pa. May 16, 2019). The court held that because the non-debtor defendant individually owed the plaintiff-funds a fiduciary duty, he was the real party in interest, not the debtor company.

Similar to *Service Painting*, the Individual Defendants here cannot show that Kline owes them an indemnification obligation sufficient to find that a judgment against Individual Defendants is in effect a judgment against Kline. *See In Re Metal Ctr.*, 31 B.R. 458, 462 (Bankr. D. Conn. 1983) (extension of stay inappropriate if non-bankrupt defendant is independently liable, such as where "the non-debtor's liability rests upon his own breach of a duty"); *see also, CAE Indus. LTD v. Aerospace Holdings Co.*, 116 B.R. 31, 33 (S.D.N.Y 1990) ("unusual circumstances" exception excludes cases in which non-bankrupt co-defendant is "independently liable").

   2. *Individual Defendants Cannot Show That Stay Protection For Them Is Essential To Kline's Reorganization Efforts*

Individual Defendants are also unable to demonstrate that they are fundamental to Kline's reorganization efforts. Courts find "unusual circumstances" under this second exception when the non-debtor must divert "critical management resources from the reorganization effort to litigation." *See Service Painting, Inc.*, 2019 U.S. Dist. LEXIS 83446, at *15-20. Even if Individual Defendants have to work with Kline's bankruptcy counsel to some extent, this in no way establishes that they are "essential" to Kline's reorganization in order to justify their protection under § 362(a).

Individual Defendants' anticipated argument that denying the stay would divert critical management resources from Kline's reorganization efforts rings hollow. First, Kline has appointed Mr. Ronald Samarro, not one of the Individual Defendants, to be the Debtor's Chief Restructuring Officer. (Chapter 11 Case, Dkt. No. 1). Since filing its petition, Mr. Samarro has continued to serve a central role in Kline's bankruptcy case by submitting declarations in support of motions and executing the necessary forms on behalf of the Company. (*See e.g., Id.,* Dkt. Nos. 15 and 20).

Furthermore, it is clear that the Individual Defendants are not expending their own capital to effectuate Kline's restructuring, as evinced by Kline's various motions seeking permission to obtain financing in order to continue its business operations. (*Id.*, Dkt. No. 37). This is further supported by the fact that Ed Kline, Kathy Kline and Miller have filed their own Proof of Claim forms in the Chapter 11 Case asserting individual creditor claims against the Debtor, Kline.[1]

Individual Defendants fall well short of establishing that unusual circumstances exist under this second exception where, as here, there simply is nothing to suggest that they are intimately linked to Kline's reorganization efforts, or that their time and/or money is necessary to restructure Kline's business. *Compare*: *In re Lazarus Burman Assocs.*, 161 B.R. 891, 899 (Bankr. E.D.N.Y. 1993) (proceedings stayed against non-debtor principals of debtor partnership because principals "solely" controlled debtor and were "only persons" who could effectively conduct reorganization); *In re Monroe Well Sere, Inc.*, 67 B.R. 746, 751 (Bankr. E.D. Pa. 1986) (extending stay appropriate when non-debtor owns assets which will be source of funds for debtor or when preservation of non-debtor's credit standing will play significant role in debtor's attempt to reorganize).

---

[1] On October 23, 2019, Kathy Kline filed a Proof of Claim claiming $79,194.76 from Debtor for "credit card charges for business," including a $17,451.26 TD Bank card balance for her personal expenditures to APLITUNES, BOB'S SEAFOOD MARKET, MINOS BAKE SHOP, GOURMET LIQUORS, ANIMAL HOUSE GROOMING, and SOUTH JERSEY ENT. (Chapter 11 Case, Dkt. No. 85-1).

Finally, any argument that the automatic stay should be extended to the Individual Defendants because the necessary discovery in this litigation will need to be obtained from Kline, which is no longer possible because of the stay, must be rejected. Courts have consistently held that the need for discovery is not recognized as an "unusual circumstance." *Foamex L.P.*, 2009 U.S. Dist. LEXIS 32405, at *7. Indeed, if the need for discovery was sufficient to justify extending the stay to non-bankrupt parties, courts would need to extend the stay in most multiparty actions, which is contrary to the limited nature of the "unusual circumstances" exception. *Id.*

### B. A Discretionary Stay By The Court Is Not Warranted

As this Court has recognized, staying a civil proceeding is an "extraordinary remedy" and requires the Court to consider whether the stay would prejudice the non-moving party. *See Trusted Transp. Sols., LLC,* 2018 U.S. Dist. LEXIS 79815, at *5. In determining whether to grant a stay courts consider a number of factors including: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set. *Akishev v. Kapustin,* 23 F. Supp. 3d 440, 446 (D.N.J. May 28, 2014).

The Individual Defendants cannot show that the denial of the stay would create any material hardship or inequity where, as the administrators and sponsors of the 401(k) Plan, they owe specific, ERISA-mandated fiduciary obligations to Plaintiffs. Moreover, since the Individual Defendants still maintain their individual defenses and can present the same at trial, they will not be prejudiced if the case proceeds. Conversely, Plaintiffs will be severely prejudiced by a stay of the proceedings because they will be delayed in their efforts to "diligently proceed to sustain [their] claim[s]." *See Jackson v. Trump Entm't Resorts, Inc.,* No. 13-1605, 2015 U.S. Dist. LEXIS 192709, at *12 (D.N.J. Feb. 11, 2015) (*quoting Forrest v. Corzine,* 757 F. Supp. 2d 473, 479 (D.N.J. 2010)); *see also, Clinton v. Jones,* 520 U.S. 681, 707 (1997) ("Delaying trial would increase the danger of prejudice resulting from the loss of evidence including the inability of witnesses to recall specific facts, or the possible death of a party").

After considering the relevant factors, Plaintiffs respectfully submit that imposition of a stay with respect to Plaintiffs' claims against the Individual Defendants would not be justified.[2]

Respectfully submitted,

John A. Blyth

---

[2] Because a party seeking protection under § 362(a) – here, the Individual Defendants – bears the burden of demonstrating that a stay is warranted, *see Hertz Corp. v. Gator Corp.,* 250 F. Supp. 2d 421, 424 (D.N.J. 2003), Plaintiffs respectfully request that they be afforded the opportunity to submit a brief letter in Reply to the Individual Defendants' response(s) due on December 6, 2019. (Dkt. No. 22).