Carol Ann Slocum, Esquire
Mark B. Sheppard, Esquire (*pro hac vice* admission pending)
James A. Petkun, Esquire (admitted *pro hac vice*)
**Klehr Harrison Harvey Branzburg LLP**
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
Phone: (856) 486-7900
Fax: (856) 486-4875
cslocum@klehr.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MCBRIDE, JOHN BEVERLY, VICTOR LAMSON, DONALD TAYLOR, RYAN FENNAL, MICHAEL VENEZIALE, THOMAS MONZO, MANUEL MARTINEZ, DANIEL MITCHELL, KEVIN CUNNINGHAM, JUAN LOPEZ, WAYNE GROVE, WILLIAM NEWNAM, JR., and RYAN SHORT,<br><br>Plaintiffs<br><br>v.<br><br>KLINE CONSTRUCTION CO., INC., KLINE CONSTRUCTION CO., INC. 401(K) PLAN, KATHERINE KLINE-PENATE, J. EDWARD KLINE, and ROBERT MILLER,<br>Defendants. | Civil Action No.: 1:19-cv-14275-NLH-JS<br><br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY STAY OF CASE** |

Defendants J. Edward Kline and Katherine M. Kline-Penate ("Defendants") submit this memorandum of law in support of their request that the court temporarily stay this case for a period of up to seventy-five days to allow the Defendants to focus on the reorganization efforts of Defendant Kline Construction Co., Inc. a debtor-in-possession in the United States Bankruptcy Court for the District of New Jersey.

PHIL1 8546539v.1

## BRIEF STATEMENT OF FACTS

Kline Construction filed a chapter 11 bankruptcy case on August 14, 2019 after a series of financial setbacks in 2015 and thereafter.[1] In 2018, Kline Construction hired Ron Samarro to assist with overcoming the financial obstacles, but a chapter 11 proceeding became necessary. Defendant Edward Kline has devoted 58 years to the business of Kline Construction, which was founded by his father. Defendant, Kline Chairman of the Board of Directors and his daughter, Defendant Kathie Kline-Penate who serves as a Vice President and Secretary, continue to work for the company.[2] Since its filing, Kline Construction has continued business operations and on December 3, 2019, obtained approval by the Bankruptcy Court to retain the services of an investment banker to pursue reorganization through a sale process or obtaining an investor. The sale/investment efforts are anticipated to take place over the next sixty to seventy-five days. Edward Kline and Kathie Kline-Penate work for Kline Construction daily and have extensive knowledge that will be necessary to maximize value that is expected to be achieved through the sale or investment process. As a result of reductions in staffing, Edward Kline and Kathie Kline-Penate are instrumental to providing the necessary information that will be required for a robust marketing effort.

Pursuant to the bylaws of Kline Construction, both Edward Kline and Kathie Kline-Penate, as well as other officers and directors, are entitled to complete indemnification from claims arising in connection with claims based on their services as officers or directors, as well as claims based upon serving as fiduciaries for any employment benefit plan.

---

[1] The facts stated herein are more fully set forth in the certifications accompanying this memorandum.

[2] Plaintiffs curiously refer to the fact that Kathie Kline-Penate filed a proof of claim by the court ordered deadline for, among other things, the thousands owed on corporate credit cards. Plaintiffs refer to approximately two hundred dollars of personal expenses which, as expressly set forth in the proof of claim, were deducted from the claim. Defendants note that Plaintiffs also filed proofs of claim.

## LEGAL ARGUMENT

It is axiomatic that the automatic stay affords protection only to debtors and does not extend to "co-tortfeasors," "joint obligors," "guarantors," "sureties," or other non-debtor "co-defendants." *Accord Maritime Electric Company v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir.1991) ("[t]he clear language of Section 362(a) indicates that it stays only proceedings against a 'debtor' – the term used by the statute itself"). Nevertheless, numerous bankruptcy courts have stayed the prosecution of actions against non-debtor defendants who were officers or directors of the debtor defendants. Thus, in unusual circumstances, courts have extended the stay to non-debtor third parties. *Id.* at 1205 (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.1986)). Courts have found unusual circumstances sufficient to stay an action against non-debtor entities where (1) the non-debtor and debtor enjoy such an identity of interests that the suit against the non-debtor is essentially a suit against the debtor or (2) the third-party action will have an adverse impact on the debtors ability to accomplish reorganization. *Id.*

In *A.H. Robins*, the court stated that an illustration of unusual circumstances warranting an extension of the stay "a suit against a third-party who is entitled to absolute indemnity by the debtor." *Id.* The Third Circuit has adopted the rationale articulated in *A.H. Robins* by the Fourth Circuit. *See, Belcufine v. Aloe*, *112 F.3d 633, 636-37 n.5 (3d Cir. 1997)*. Thus, when a judgment against a non-debtor defendant will in effect be a judgment or finding against the debtor, it is appropriate to grant a stay of the action. *See, Am. Film Techs., Inc. v. Taritero (In re Am. Film Techs., Inc.)*, 175 B.R. 847, 853 (Bankr. D. Del.1994) (extending the automatic stay to non-debtor directors and officers in part because "there is an entitlement to indemnification

between the debtor and its officers and directors"); *Eastern Air Lines, Inc. v. Rolleston (In re Ionosphere Clubs, Inc.)*, 111 B.R. 423, 435 (Bankr.S.D.N.Y.1990) (finding the chairman of the board of directors' indemnification rights intertwined his interests with those of the debtor, creating a situation where the debtor was the real party in interest), *aff'd*, 124 B.R. 635 (S.D.N.Y.1991). In *Lomas Financial Corp. v. Northern Trust Co.*, 117 B.R. 64 (S.D.N.Y.1990), the district court upheld the bankruptcy court's extension of the bankruptcy stay to non-debtor officers accused of violations of federal securities laws, because it determined that the corporate defendant's obligation to indemnify officers for all legal claims arising out of acts performed in their capacity as officers of the corporation amounted to the type of unusual circumstance contemplated by *A.H. Robins*. *Id.* at 166. In *Lomas,* the individual defendants were continuing in their positions with the corporation and, in fact, played vital roles in developing the reorganization plan. *Id.* at 66-67.

      Here, the bylaws of Kline Construction provide the individual defendants, as officers or directors with complete indemnification against expenses and any liability by reason of the person having been a director or officer of Kline Construction or by reason of the fact that such person was serving as a fiduciary or other representative of a trust, employee benefit plan, or other entity. The bylaws state, in relevant part,

## ARTICLE V

## INDEMNIFICATION

Section 5.1. <u>Right to Indemnification</u>. Except as prohibited by law, every director and officer of the Corporation shall be entitled as of right to be indemnified by the Corporation against expenses and any liability paid or incurred by such person in connection with any actual or threatened claim, action, suit or proceeding, civil, criminal, administrative, investigative or otherwise, in which he or she may be involved in any manner, as a party, witness or otherwise, or is threatened to be made so involved, by reason of such person being or having been a director or officer of the Corporation or of a subsidiary of the Corporation or by reason of the fact that such person is or was serving at the request of the Corporation as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity (such claim, action, suit or proceeding hereinafter being referred to as

"Action"); provided, that no such right of indemnification shall exist with respect to an Action initiated by an indemnitee (as hereinafter defined) against the Corporation (an "Indemnitee Action") except as provided in the last sentence of this Section 5.1.

. . .

Section 5.2. <u>Right to Advancement of Expenses</u>. Every indemnitee shall be entitled as of right to have his or her expenses in defending any Action, or in initiating and pursuing any Indemnitee Action for indemnity or advancement of expenses under Section 5.3 of this Article V, paid in advance by the Corporation prior to the final disposition of such Action or Indemnitee Action, provided that the Corporation receives a written undertaking by or on behalf of the indemnitee to repay the amount advanced if it should ultimately be determined that the indemnitee is not entitled to be indemnified for such expenses.

As a result of the individual defendants' entitlement to indemnification pursuant to the bylaws, allowing the case to proceed at this time will affectively be allowing the suit against Kline Construction to proceed. Plaintiff's claims are based upon their alleged prepetition transactions with Kline Construction and Kline Construction will, in effect, be forced to defend these claims because of the indemnity and collateral estoppel concerns. *See, e.g., Sudbury v. H. Escott*, 140 B.R. 461 (Bankr. N.D. Ohio 1992).

Courts also have found "unusual circumstances" sufficient to justify staying an action against non-debtor defendants when the reorganization efforts of the debtor corporation may be impaired. Edward Kline and Kathie Kline-Penate have long histories with the debtor and a knowledge base that is key to assisting with the reorganization effort to obtain a sale or investor in the property. At the same time, both continue to work for the Kline Construction, taking up the slack from the depleted staff. "[C]ourts employ a broader view of the potential impact on the debtor. The standard for the grant of a stay is generally whether the litigation could interfere with the reorganization of the debtor." *Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 115 Fed. Appx. 565, 570 (3d Cir. 2004).

Here, defending the lawsuit at this critical point in the reorganization process, will hinder the individual defendants' ability to assist the Debtor in its reorganization efforts. Courts have held that diverting resources from the reorganization effort to litigation may constitute "unusual circumstances" to justify extending the stay. *See Ionosphere Clubs*, 111 B.R. at 435; *Johns–Manville Corp. v. Asbestos Lit. Group (In re Johns–Manville Corp.)*, 26 B.R. 420, 426 (Bankr.S.D.N.Y.1983) ("The massive drain on [key personnel's] time and energy at this crucial hour of plan formulation in either defending themselves or in responding to discovery requests could frustrate if not doom their vital efforts at formulating a fair and equitable plan of reorganization."), *vacated in part by*, 41 B.R. 926, 928 (S.D.N.Y.1984).

Moreover, allowing the case to proceed currently is likely to have a preclusive effect on the Debtor, Kline Construction. Collateral estoppel concerns may justify extending the automatic stay to non-debtors. *See Am. Film Techs.*, 175 B.R. at 848 (extending the automatic stay to enjoin the prosecution of a California state court action against non-debtor directors and officers of the debtor due to collateral estoppel); *Ionosphere Clubs*, 111 B.R. at 435 ("a finding

of liability as to [the] codefendants may be extended to [the debtor], and collateral estoppel may bar [the debtor] from litigating factual and legal issues critical to its defense"). In *Lomas*, the district court upheld a stay issued by the bankruptcy court because "[i]t [was] not possible for [the corporation] to be a bystander to a suit which may have a $20 million issue preclusion effect against it." *Lomas,* 117 B.R. at 66–67. In *Sudbury*, 140 B.R. 161, the court reasoned that because the claims in both actions were generally premised on defendants' alleged fraud while acting as officers and directors of the Debtor, "it [was] not plausible that the defendants . . . could be found liable except on facts that would impose liability on the Debtor." *Id.* at 463.

Plaintiffs cite *Kernaghan & Co. v. Global Intellicom, Inc.* (S.D.N.Y. May 17, 2007) for the proposition that a stay is not warranted where the claims against the individuals were not derivative of his status of chariman and CEO of the Debtor, but rather on the defendant's own conduct. (Plaintiffs' Brief at pg. 3). The key fact in *Kernaghan*, however, was that the debtor corporation was undergoing a chapter 7 liquidation and that there were no reorganization efforts that might be jeopardized if the litigation proceeded. *Id.* at *15.

In contrast to the situation in *Kernaghan*, Kline is vigorously pursuing a chapter 11 reorganization and has retained an investment banker to assist in such efforts.

Plaintiffs reliance on *Forcine Concrete & Constr. Co v. Manning Equip. Sales & Serv.,* 426 B.R. 520 (E.D. Pa. 2010) is misplaced because the individual defendants in that case had no contractual, statutory or common law right to indemnification from the corporation on whose behalf they were alleged to have acted. *Id.* at 525. The court found the absence of an entitlement to indemnification was crucial because without indemnification, there would be no immediate adverse economic consequence for the debtor's estate if the individual officers were found liable. *Id.* In contrast, the bylaws of Kline Construction provide for absolute indemnification and thus

any liability of the individual defendants will have immediate adverse economic consequences for the bankruptcy estate.

Plaintiffs also cite *Int'l Union of Painters & Allied Trades Dist. Council No. 21 Health & Welfare Fund v. Serv. Painting, Inc.*, No. CV 18-3480, 2018 WL 5923447, at *1–2 (E.D. Pa. Nov. 13, 2018) and represent that the court in that case "held that because the non-debtor defendant individually owed the plaintiff-funds a fiduciary duty, he was the real party-in-interest, not the debtor company." (Plaintiffs' Brief at pg. 3). Plaintiffs also cite *Service Painting* for the proposition that Defendants cannot show that Kline owes them an indemnification obligation sufficient to find a judgment against individual judgements, is, in effect, a judgment of Kline. (Plaintiffs' Brief at pg. 4). Defendants cannot find any holding in *Service Painting* discussing the non-debtor individual as the real party-in-interest or addressing any indemnifications issues. In *Service Painting*, the plaintiffs obtained default judgment against Service Painting and its principal, Mr. Garavelas. Prior to a determination of the damages, *Service Painting* filed a suggestion of bankruptcy and the court placed the case on suspense. Plaintiff moved to reopen the case against Mr. Garavelas and Mr. Garavelas did not oppose or respond to the motion. Since Mr. Garavelas defaulted and did not appear at the proof hearing, the court held that Mr. Garavelas presented no evidence to establish grounds for an extension of the stay to him. *Id.*

Here, there can be no bona fide question that the Defendants in this case are entitled to absolute indemnification and that Kline Construction is in the midst of significant reorganization efforts. Conversely, Plaintiffs have filed proofs of claim in the Kline Construction case and are not being requested to indefinitely stay their claims against the Defendants. For the foregoing reasons, the Defendants respectfully submit that the Court stay the case for a period of seventy-five days to allow the reorganization efforts to proceed unimpeded.

## CONCLUSION

For the reasons set forth above, the Defendants J. Edward Kline and Katherine M. Kline-Penate respectfully request that this Court request a stay of the case for a period of seventy-five days.

Respectfully submitted,

Dated: December 9, 2019

KLEHR HARRISON HARVEY BRANZBURG LLP

By: /s/ Carol Ann Slocum
Carol Ann Slocum, Esquire

Counsel for Defendants J. Edward Kline and Katherine M. Kline-Penate