Carol Ann Slocum, Esquire
Mark B. Sheppard, Esquire (*pro hac vice* admission pending)
James A. Petkun, Esquire (admitted *pro hac vice*)
**Klehr Harrison Harvey Branzburg LLP**
10000 Lincoln Drive East, Suite 201
Marlton, NJ 08053
Phone: (856) 486-7900
Fax: (856) 486-4875
cslocum@klehr.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD MCBRIDE, JOHN BEVERLY, VICTOR LAMSON, DONALD TAYLOR, RYAN FENNAL, MICHAEL VENEZIALE, THOMAS MONZO, MANUEL MARTINEZ, DANIEL MITCHELL, KEVIN CUNNINGHAM, JUAN LOPEZ, WAYNE GROVE, WILLIAM NEWNAM, JR., and RYAN SHORT,<br><br>Plaintiffs<br><br>v.<br><br>KLINE CONSTRUCTION CO., INC., KLINE CONSTRUCTION CO., INC. 401(K) PLAN, KATHERINE KLINE-PENATE, J. EDWARD KLINE, and ROBERT MILLER,<br>Defendants. | Civil Action No.: **1:19-cv-14275-NLH-JS**<br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br><br><br>**CERTIFICATION OF KATHERINE PENATE** |

I, Katherine M Penate, hereby certify as follows:

1.     I am a Vice President and Secretary of Kline Construction Co., Inc. ("Kline Construction"). I make this Certification based on my personal knowledge and matters of public record in the bankruptcy proceedings of Kline Construction, Bankruptcy Case No.: 19-25757.

2.      I adopt and incorporate statements of Edward Kline regarding the fact that I work

at the company every weekday and provide the support and information that is necessary to keep

the company operating and for the reorganization efforts that are underway.

3.      Attached hereto as Exhibit A are a true copy of the Bylaws of Kline Construction.

I certify under penalty of perjury that the foregoing statements made by me are true and I am aware

that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  December 10, 2019                    By:

                                             Katherine M Penate
                                             Vice President and Secretary

# EXHIBIT A

BY-LAWS

of

KLINE CONSTRUCTION CO., INC., a New Jersey corporation

# INDEX TO BYLAWS

**Section**                                                                                                **Page**

## ARTICLE I
## OFFICES

1.1    Registered Office ................................................................................. 1
1.2    Other Offices ....................................................................................... 1


## ARTICLE II
## SHAREHOLDERS

2.1    Place of Meetings ................................................................................ 1
2.2    Annual Meeting ................................................................................... 1
2.3    Special Meetings ................................................................................. 1
2.4    Adjournment of Meetings .................................................................... 2
2.5    Notice of Meetings .............................................................................. 2
2.6    Quorum ............................................................................................... 2
2.7    Voting and Action by Shareholders ..................................................... 2
2.8    Proxies ................................................................................................ 3
2.9    Determination of Shareholders of Record ........................................... 3
2.10   Consent of Shareholders in Lieu of Meeting ....................................... 3


## ARTICLE III
## BOARD OF DIRECTORS

3.1    Powers ................................................................................................. 3
3.2    Number and Qualification ................................................................... 4
3.3    Election and Term of Office ................................................................. 4
3.4    Resignations ........................................................................................ 4
3.5    Vacancies ............................................................................................. 4
3.6    Place of Meetings ................................................................................ 4
3.7    Annual Meeting ................................................................................... 4
3.8    Regular Meetings ................................................................................. 4
3.9    Special Meetings .................................................................................. 4
3.10   Voting, Quorum and Action by Directors ............................................ 5
3.11   Executive and Other Committees ........................................................ 5
3.12   Compensation ..................................................................................... 5
3.13   Consent of Directors in Lieu of Meeting ............................................. 5
3.14   Presumption of Assent ........................................................................ 6

## ARTICLE IV
## OFFICERS

4.1     Designation and Qualifications ............................................................... 6
4.2     Election, Term of Office and Compensation ........................................... 6
4.3     Resignations................................................................................................ 6
4.4     Removal ....................................................................................................... 6
4.5     Vacancies..................................................................................................... 6
4.6     Authority and Duties ................................................................................. 6
4.7     President ...................................................................................................... 6
4.8     Vice Presidents........................................................................................... 7
4.9     Secretary ...................................................................................................... 7
4.10    Treasurer ..................................................................................................... 7

## ARTICLE V
## INDEMNIFICATION

5.1     Right to Indemnification .......................................................................... 7
5.2     Right to Advancement of Expenses ........................................................ 8
5.3     Right of Indemnitee to Initiate Action ................................................... 8
5.4     Insurance and Funding.............................................................................. 9
5.5     Non-Exclusivity; Nature and Extent of Rights...................................... 9
5.6     Partial Indemnity....................................................................................... 9

## ARTICLE VI
## PERSONAL LIABILITY OF DIRECTORS

6.1     Elimination of Liability of Directors ...................................................... 9
6.2     Article Deemed as Contract .................................................................... 10

## ARTICLE VII
## CAPITAL STOCK

7.1     Right to Certificate................................................................................... 10
7.2     Share Certificates ..................................................................................... 10
7.3     Transfers .................................................................................................... 10
7.4     Record Holder of Shares.......................................................................... 10
7.5     Lost, Destroyed or Mutilated.................................................................. 10

## ARTICLE VIII
## MISCELLANEOUS CORPORATE TRANSACTIONS
## AND DOCUMENTS

8.1   Notes, Checks, etc. ................................................................. 10
8.2   Execution of Instruments Generally ...................................... 11
8.3   Voting Securities Owned by Corporation ............................... 11

## ARTICLE IX
## VALIDATION OF CERTAIN CONTRACTS

9.1   Contracts and Other Transactions.......................................... 11

## ARTICLE X
## GENERAL PROVISIONS

10.1   Fiscal Year ............................................................................ 12
10.2   Corporate .............................................................................. 12
10.3   Legal Holidays....................................................................... 12
10.4   Notice..................................................................................... 12
10.5   Waiver of Notice .................................................................... 12
10.6   Waiver by Attendance........................................................... 12
10.7   Participation by Conference Telephone ............................... 12
10.8   Financial Statements ............................................................ 13
10.9   Corporate Records ................................................................ 13

## ARTICLE XI
## AMENDMENTS

11.1   Amendment by Board of Directors........................................ 13
11.2   Amendment by Shareholders ............................................... 13

BYLAWS

OF

KLINE CONSTRUCTION CO., INC.

---

ARTICLE I

OFFICES

Section 1.1. <u>Registered Office</u>.  The registered office of the Corporation in the State of New Jersey shall be as designated in the Articles of Incorporation.

Section 1.2. <u>Other Offices</u>.  The Corporation may also have offices at such other places as the Board of Directors may designate from time to time or the business of the Corporation may require.

ARTICLE II

SHAREHOLDERS

Section 2.1. <u>Place of Meetings</u>.  All meetings of the shareholders of the Corporation shall be held where designated by the Board of Directors.

Section 2.2. <u>Annual Meeting</u>.  An annual meeting of the shareholders shall be held in each calendar year.  The Board of Directors may designate the date and time of the annual meeting.  At such meeting the shareholders shall, subject to the terms of Section 3.2 of these Bylaws, determine the number of, and elect the persons who shall serve as Directors and shall transact such other business as may properly come before the meeting.  If the annual meeting is not called and held during such calendar year, any shareholder may call such meeting at any time thereafter.

Section 2.3. <u>Special Meetings</u>.  Special meetings of the shareholders may be called at any time by the President, the Board of Directors or shareholders entitled to cast at least one-tenth of the votes which all shareholders are entitled to cast at the particular meeting.

Upon written request of any person or persons who have duly called a special meeting, it shall be the duty of the Secretary to fix the date and time of the meeting, to be held not more than sixty days after the receipt of the request, and to give due notice thereof.  Such written request shall be delivered to the Secretary and shall state the purpose or purposes of the meeting.  If the Secretary shall neglect or refuse to fix the date and time of such meeting and give notice thereof, the person or persons calling the meeting may do so.

Section 2.4.  <u>Adjournment of Meetings</u>.  Adjournment or adjournments of any annual or special meeting may be taken but any meeting at which Directors are to be elected shall be adjourned only from day to day, or for such longer periods not exceeding fifteen days each, as may be directed by shareholders who are present in person or by proxy and who are entitled to cast a majority of the votes which all such shareholders would be entitled to cast at an election of Directors, until such Directors have been elected.

Section 2.5.  <u>Notice of Meetings</u>.  Notice of every meeting of the shareholders shall be given by, or at the direction of, the person authorized to call the meeting, to each shareholder of record entitled to vote at the meeting, at least five days prior to the day named for the meeting.  Every notice of a special meeting shall specify the general nature of the business to be transacted.  Such notice may be given in writing, in person or by telephone.

When a meeting is adjourned, it shall not be necessary to give any notice of the adjourned meeting or of the business to be transacted at an adjourned meeting other than by announcement at the meeting at which such adjournment is taken.

Section 2.6.  <u>Quorum</u>.  A shareholders meeting duly called shall not be organized for the transaction of business unless a quorum is present.  The presence in person or by proxy of shareholders entitled to cast a majority of the votes which all shareholders are entitled to cast on the particular matter shall constitute a quorum.  The shareholders present at a duly organized meeting can continue to do business until adjournment, notwithstanding the withdrawal of enough shareholders to leave less than a quorum.

If a meeting cannot be organized because a quorum has not attended, those present may adjourn the meeting to such time and place as they may determine. In the case of any meeting called for the election of Directors, those who attend the second of such adjourned meetings, although less than a quorum, shall nevertheless constitute a quorum for the purpose of electing Directors.

Section 2.7.  <u>Voting and Action by Shareholders</u>.  There are two classes of stock of the Corporation: Class A voting common stock; and Class B non-voting common stock. The relative rights, preferences and limitations of the shares of each class shall be equal except that the sole right to vote shall be vested in the holders of the shares of Class A voting common stock.  The holders of Class B non-voting common stock shall not have right to vote.

Except as otherwise provided by law, the Articles of Incorporation or these Bylaws, every shareholder of Class A voting shares of record shall have the right to one vote for every Class A voting share standing in his name on the books of the Corporation.  At a duly organized meeting, the acts of the shareholders of Class A shares present in person or by proxy entitled to cast a majority of the votes which all shareholders present are entitled to cast shall be the acts of the shareholders, unless otherwise provided by law.  The vote upon any matter need not be by ballot, except in the election of Directors upon demand made by a shareholder at such election and

before the voting begins.  A shareholder may participate in any meeting by telephone to the same extent as if personally present.  Cumulative voting shall not permitted, whether with respect to the election of Directors or otherwise.

Whenever in these By-Laws the phrase "shareholders entitled to vote or cast" or similar phrase is used, it shall mean holders of Class A voting shares.  Class B non-voting shares shall have no rights to vote or call meetings with respect to the Class B stock.

Section 2.8.  <u>Proxies</u>.  Every shareholder entitled to vote at a meeting of shareholders, or to express consent or dissent to corporate action in writing without a meeting, may authorize another person or persons to act for him by proxy.  Every proxy shall be executed in writing by the shareholder or by his duly authorized attorney in fact and filed with the Secretary of the Corporation.  A proxy, unless coupled with an interest, shall be revocable at will, notwithstanding any other agreement or any provision in the proxy to the contrary, but the revocation of a proxy shall not be effective until notice thereof has been given to the Secretary of the Corporation.  No unrevoked proxy shall be valid after six months from the date of its execution, unless a longer time is expressly provided therein, but in no event shall a proxy, unless coupled with an interest, be voted on after three years from the date of its execution.  A proxy shall not be revoked by the death or incapacity of the maker unless before the vote is counted or the authority is exercised, written notice of such death or incapacity is given to the Secretary of the Corporation.

Section 2.9.  <u>Determination of Shareholders of Record</u>.  The Board of Directors may fix a time, not more than sixty days prior to the date of any meeting of shareholders, or the date fixed for the payment of any dividend or distribution, or the date for the allotment of rights, or the date when any change or conversion or exchange of shares will be made or go into effect, as a record date for the determination of the shareholders entitled to notice of, or to vote at, any such meeting, or entitled to receive payment of any such dividend or distribution, or to receive any such allotment of rights, or to exercise the rights in respect to any such change, conversion or exchange of shares. In such case, only such shareholders as shall be shareholders of record on the date so fixed shall be entitled to notice of, or to vote at, such meeting or to receive payment of such dividend or distribution, or to receive such allotment of rights, or to exercise such rights, as the case may be, notwithstanding any transfer of any shares on the books of the Corporation after any record date fixed.

When a determination of shareholders entitled to vote at any meeting of shareholders has been made as provided in this section, such determination shall apply to any adjournment thereof.

Section 2.10.  <u>Consent of Shareholders in Lieu of Meeting</u>.  Any action which may be taken at a meeting of the shareholders or of a class of shareholders may be taken without a meeting, if a consent or consents in writing, setting forth the action so taken, shall be signed by such shareholders required by law (together with any required advance notification) and shall be filed with the Secretary of the Corporation.

ARTICLE III

BOARD OF DIRECTORS

Section 3.1. <u>Powers</u>. The business and affairs of the Corporation shall be managed by the Board of Directors. The Board may exercise all powers of the Corporation and do all lawful acts which are not by law, the Articles of Incorporation or these Bylaws required to be exercised and done by the shareholders.

Section 3.2. <u>Number and Qualification</u>. The number of Directors of the Corporation shall be set from time to time by the Board of Directors. Each director of the Corporation shall be a natural person of full age, but need not be a resident of Pennsylvania or a shareholder in the Corporation. If set by the Board of Directors as provided herein, there may be only one Director.

Section 3.3. <u>Election and Term of Office</u>. Except in the case of vacancies, Directors shall be elected by the shareholders. Each director shall hold office for a term of one year and until his successor shall have been elected and qualified, or until his earlier death, resignation or removal.

Section 3.4. <u>Resignations</u>. Any director may resign at any time by giving written notice to the Board of Directors, the President or the Secretary of the Corporation. Such resignation shall take effect on the date of the receipt of such notice or at any later time specified therein and, unless otherwise specified therein, the acceptance of such resignation by the Board shall not be necessary to make it effective.

Section 3.5. <u>Vacancies</u>. Vacancies occurring in the Board of Directors, including vacancies resulting from an increase in the number of Directors, shall be filled by vote of the shareholders as set forth in Section 2.7 at a special meeting of the shareholders as set forth in Section 2.3. Each person so elected shall be a director until his successor is elected by the shareholders and qualified, or until his earlier death, resignation or removal.

Section 3.6. <u>Place of Meetings</u>. The meetings of the Board of Directors shall be held at such place as a majority of the Directors may from time to time select, or as may be designated in the notice calling the meeting.

Section 3.7. <u>Annual Meeting</u>. Immediately following and at the same place as the annual meeting of the shareholders for the election of Directors, the newly elected Board of Directors shall meet for the purpose of organization, election of officers and the transaction of other business. No notice of such meeting shall be necessary. By vote of the Directors under Section 3.10 prior to any annual meeting, the Board of Directors may invite a non-voting legal advisor or other professional to attend such annual meeting.

Section 3.8.  Regular Meetings.  Regular meetings of the Board of Directors, if any, may be held without notice at such time and place as shall be designated by the Board.

Section 3.9.  Special Meetings.  Special meetings of the Board of Directors shall be held whenever called by the President or by one or more Directors.  Notice of such meetings shall be given by the Secretary to each director in writing, personally or by telephone at least five days prior to such meeting.  Such notice shall state the time and place of the meeting.

Section 3.10.  Voting, Quorum and Action by Directors.  A majority of Directors shall be necessary to constitute a quorum for the transaction of business. The acts of a majority of Directors in attendance at a meeting at which a quorum is present shall be the acts of the Board of Directors.  In the absence of a quorum, a majority of the Directors present may adjourn the meeting from time to time, without notice other than by announcement at the meeting, until a quorum shall be present. A Director may participate in any meeting by telephone to the same extent as if personally present.

Section 3.11.  Executive and Other Committees.  The Board of Directors may, by resolution adopted by a majority of Directors, designate one or more committees, each committee to consist of two or more Directors.  The Board may designate one or more Directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee.

If two or more Directors are elected to an executive committee by resolution adopted as provided in this section, such executive committee shall have and exercise all of the authority of the Board of Directors in the management of the business and affairs of the Corporation and any other committee shall have and exercise the authority of the Board to the extent provided in the resolution designating the committee.

A majority of the Directors in office designated to a committee, or Directors designated as alternate members as provided in this section, shall be necessary to constitute a quorum for the transaction of business of the committee. The acts of a majority of the Directors in office designated to a committee or their alternates shall be the acts of the committee.  Each committee shall record all minutes and votes of such committee and shall report its actions to the Board of Directors at the next meeting of the Board.

Section 3.12.  Compensation.  Directors shall serve without compensation except as otherwise determined by unanimous vote of the Directors.

Section 3.13.  Consent of Directors in Lieu of Meeting.  Any action which may be taken at a meeting of the Board of Directors or the members of the executive or other committee may be taken without a meeting, if a consent or consents in writing setting forth the action so taken shall be signed by all of the Directors or the members of the committee, as the case may be, and shall be filed with the Secretary of the Corporation.

Section 3.14.  Presumption of Assent.  Minutes of each meeting of the Board shall be made available to each director at or before the next succeeding meeting.  Each director shall be presumed to have assented to such minutes and agreed to the action taken thereat unless his objection thereto shall be made to the Secretary within two days after such meeting.

ARTICLE IV

OFFICERS

Section 4.1.  Designation and Qualifications.  The Corporation shall have a President, a Secretary and a Treasurer, and may have other officers and assistant officers as elected by the Board of Directors.  Any number of offices may be held by the same person.  Officers may but need not be Directors or shareholders of the Corporation.  All officers shall be natural persons of full age.

Section 4.2.  Election, Term of Office and Compensation.  At each annual meeting of the Board of Directors, the Board shall elect the officers of the Corporation.  Each officer shall hold office until his successor shall have been elected and qualified, or until his earlier death, resignation or removal.  The Board shall have the power to fill any vacancies in any office occurring from whatever reason.  The Board shall determine the compensation of the officers.

Section 4.3.  Resignations.  Unless a contract provides otherwise, any officer may resign at any time by giving written notice to the Board of Directors, the President or the Secretary of the Corporation.  Such resignation shall take effect on the date of the receipt of such notice or at any later time specified therein and, unless otherwise specified therein, the acceptance of such resignation by the Board shall not be necessary to make it effective.

Section 4.4.  Removal.  Any officer may be removed by the Board of Directors whenever in its judgment the best interests of the Corporation will be served thereby.  Any such removal shall be without prejudice to the contract rights, if any, of the person so removed.

Section 4.5  Vacancies.  A vacancy in any office or position by reason of death, resignation, removal, disqualification, disability or other cause, shall be filled in the manner provided in this Article IV for regular election or appointment to such office.

Section 4.6.  Authority and Duties.  All officers of the Corporation, as between themselves and the Corporation, shall, respectively, have such authority and perform such duties in the management of the property and affairs of the Corporation as may be provided in these Bylaws or, in the absence of controlling provisions in these Bylaws, as may be determined by resolution of the Board of Directors.

Section 4.7. <u>President</u>. The President shall be the chief executive officer of the Corporation and shall be responsible for the general management of its business and affairs. He shall preside at all meetings of the shareholders and the Board of Directors. He shall see that all resolutions, policies and orders of the Board are implemented and shall advise the Board on their formulation. He shall execute notes, mortgages, evidences of indebtedness, contracts and other instruments in writing on behalf of the Corporation, except where required or permitted by law to be otherwise executed and except where the execution thereof shall be expressly authorized and delegated by the Board to another officer or agent of the Corporation.

Section 4.8. <u>Vice Presidents</u>. A Vice President shall have such authority and perform such duties in the management of the business and affairs of the Corporation as may be determined by resolution of the Board. The Vice President shall, in the absence or upon the disability of the President, have the authority and perform the duties of the President.

Section 4.9. <u>Secretary</u>. The Secretary shall attend all meetings of the shareholders and the Board of Directors and shall keep minutes of and record all votes taken at such meetings in a book to be kept for that purpose. If requested by any committee of the Board, he shall perform similar duties for such committee. He shall give the required notice of meetings of the shareholders and the Board of Directors. He shall be custodian of the seal of the Corporation and cause it to be affixed to all documents to be executed on behalf of the Corporation which are required to be sealed. He shall have charge of the Corporation's books, records and other corporate documents.

Section 4.10. <u>Treasurer</u>. The Treasurer shall have or provide for the custody of the funds and securities of the Corporation and shall maintain full and accurate accounts of receipts and disbursements in the Corporation's books of account. He shall deposit all funds of the Corporation to its credit in such depositories as the Board of Directors may designate. He shall prepare such financial statements and reports of the Corporation requested by the Board.

ARTICLE V

INDEMNIFICATION

Section 5.1. <u>Right to Indemnification</u>. Except as prohibited by law, every director and officer of the Corporation shall be entitled as of right to be indemnified by the Corporation against expenses and any liability paid or incurred by such person in connection with any actual or threatened claim, action, suit or proceeding, civil, criminal, administrative, investigative or otherwise, in which he or she may be involved in any manner, as a party, witness or otherwise, or is threatened to be made so involved, by reason of such person being or having been a director or officer of the Corporation or of a subsidiary of the Corporation or by reason of the fact that such person is or was serving at the request of the Corporation as a director, officer, employee, fiduciary or other representative of another corporation, partnership, joint venture, trust, employee benefit plan or other entity (such claim, action, suit or proceeding hereinafter being referred to as

"Action"); provided, that no such right of indemnification shall exist with respect to an Action initiated by an indemnitee (as hereinafter defined) against the Corporation (an "Indemnitee Action") except as provided in the last sentence of this Section 5.1.

Persons who are not Directors or officers of the Corporation may be similarly indemnified in respect of service to the Corporation or to another such entity at the request of the Corporation to the extent the Board of Directors at any time designates any of such persons as entitled to the benefits of this Article V. As used in this Article V, "indemnitee" shall include each director and officer of the Corporation and each other person designated by the Board of Directors as entitled to the benefits of this Article V, "expenses" shall include fees and expenses of counsel selected by an indemnitee and "liability" shall include amounts of judgments, excise taxes, fines penalties and amounts paid in settlement. An indemnitee shall be entitled to be indemnified pursuant to this Section 5.1 for expenses incurred in connection with any Indemnitee Action only (i) if the indemnitee is successful, as provided in Section 5.3 of this Article V, (ii) if the indemnitee is successful in whole or in part in another Indemnitee Action for which expenses are claimed, or (iii) if the indemnification for expenses is included in a settlement of, or is awarded by a court in, such other Indemnitee Action.

Section 5.2.  Right to Advancement of Expenses.  Every indemnitee shall be entitled as of right to have his or her expenses in defending any Action, or in initiating and pursuing any Indemnitee Action for indemnity or advancement of expenses under Section 5.3 of this Article V, paid in advance by the Corporation prior to the final disposition of such Action or Indemnitee Action, provided that the Corporation receives a written undertaking by or on behalf of the indemnitee to repay the amount advanced if it should ultimately be determined that the indemnitee is not entitled to be indemnified for such expenses.

Section 5.3.  Right of Indemnitee to Initiate Action.  If a written claim under Section 5.1 or Section 5.2 of this Article V is not paid in full by the Corporation within thirty days after such claim has been received by the Corporation, the indemnitee may at any time thereafter initiate an Indemnitee Action to recover the unpaid amount of the claim and, if successful in whole or in part, the indemnitee shall also be entitled to be paid the expense of prosecuting such Indemnitee Action.  The only defense to an Indemnitee Action to recover a claim for indemnification under Section 5.1 of this Article V shall be that the indemnitee's conduct was such that under Pennsylvania law the Corporation is prohibited from indemnifying the indemnitee for the amount claimed, but the burden of proving such defense shall be on the Corporation. Neither the failure of the Corporation (including its Board of Directors, independent legal counsel and its shareholders) to have made a determination prior to the commencement of such Indemnitee Action that indemnification of the indemnitee is proper in the circumstances, nor an actual determination by the Corporation (including its Board of Directors, independent legal counsel or its shareholders) that the indemnitee's conduct was such that indemnification is prohibited by Pennsylvania law, shall be a defense to such Indemnitee Action or create a presumption that the indemnitee's conduct was such that indemnification is prohibited by Pennsylvania law. The only defense to an Indemnitee Action to recover a claim for advancement of expenses under Section 5.2

of this Article V shall be the indemnitee's failure to provide the undertaking required by Section 5.2 of this Article.

Section 5.4.  Insurance and Funding.  The Corporation may purchase and maintain insurance to protect itself and any person eligible to be indemnified hereunder against any liability or expense asserted or incurred by such person in connection with any Action, whether or not the Corporation would have the power to indemnify such person against such liability or expense by law or under the provisions of this Article V.  The Corporation may create a trust fund, grant a security interest, cause a letter of credit to be issued or use other means (whether or not similar to the foregoing) to ensure the payment of such sums as may become necessary to effect indemnification as provided herein.

Section 5.5.  Non-Exclusivity; Nature and Extent of Rights.  The rights to indemnification and advancement of expenses provided for in this Article V shall (i) not be deemed to be exclusive of any other rights, whether now existing or hereafter created, to which any indemnitee may be entitled under any agreement or Bylaw, charter provision, vote of shareholders or Directors or otherwise, (ii) be deemed to create contractual rights in favor of each indemnitee who serves the Corporation at any time while this Article V is in effect (and each such indemnitee shall be deemed to be so serving in reliance on the provisions of this Article V), and (iii) continue as to each indemnitee who has ceased to have the status pursuant to which he or she was entitled or was designated as entitled to indemnification under this Article V and shall inure to the benefit of the heirs and legal representatives of each indemnitee.  Any amendment or repeal of this Article V or adoption of any Bylaw or provision of the Articles of the Corporation which limits in any way the right to indemnification or the right to advancement of expenses provided for in this Article V shall operate prospectively only and shall not affect any action taken, or failure to act, by an indemnitee prior to the adoption of such amendment, repeal, Bylaw or other provision.

Section 5.6.  Partial Indemnity.  If an indemnitee is entitled under any provision of this Article V to indemnification by the Corporation for some or a portion of the expenses or a liability paid or incurred by the indemnitee in the preparation, investigation, defense, appeal or settlement of any Action or Indemnitee Action but not, however, for the total amount thereof, the Company shall indemnify the indemnitee for the portion of such expenses or liability to which the indemnitee is entitled.

ARTICLE VI

PERSONAL LIABILITY OF DIRECTORS

Section 6.1.  Elimination of Liability of Directors. To the fullest extent that the laws of the State of New Jersey permit elimination or limitation of the liability of Directors, no director of the Corporation shall be personally liable for

monetary damages as such for any action taken, or any failure to take action as director.

Section 6.2.  <u>Article Deemed as Contract</u>.  The provisions of this Article shall be deemed to be a contract with each director of the Corporation who serves as such at any time while this Article is in effect and each such director shall be deemed to be so serving in reliance on the provisions of this Article. Any amendment or repeal of this Article or adoption of any Bylaw or provision of the Articles of the Corporation which has the effect of increasing director liability shall operate prospectively only and shall not affect any action taken, or any failure to act, prior to the adoption of such amendment, repeal, Bylaw or provision.

ARTICLE VII

CAPITAL STOCK

Section 7.1.  <u>Right to Certificate</u>.  Every shareholder of record of fully paid shares of the Corporation shall be entitled to a share certificate representing the shares owned by him.

Section 7.2.  <u>Share Certificates</u>.  The shares of the Corporation shall be represented by share certificates, designated as Class A voting shares or Class B non-voting shares, which shall be in such form as required by law.  The share certificates shall be numbered consecutively and shall be registered in the share certificate book of the Corporation when issued.  Each share certificate shall be signed by the Secretary, and shall bear the corporate seal, which may be a facsimile, engraved or printed.

Section 7.3.  <u>Transfers</u>.  Transfers of shares shall be made on the books of the Corporation upon surrender of the certificate therefor, endorsed by the person named in the certificate, by a legal representative furnishing proper evidence of authority to transfer, or by an attorney lawfully constituted in writing.  Every certificate so surrendered to the Corporation shall be marked cancelled.

Section 7.4.  <u>Record Holder of Shares</u>.  The person in whose name shares stand on the books of the Corporation shall be deemed by the Corporation to be the owner thereof for all purposes.

Section 7.5.  <u>Lost, Destroyed or Mutilated Certificates</u>.  In the event that a share certificate shall be lost, destroyed or mutilated, a new certificate may be issued therefor upon such terms and indemnity to the Corporation as the Board of Directors may determine.

ARTICLE VIII

MISCELLANEOUS CORPORATE TRANSACTIONS AND DOCUMENTS

Section 8.1. <u>Notes, Checks, etc.</u>  All notes, bonds, drafts, acceptances, checks, endorsements (other than for deposit), guarantees, and all evidences of indebtedness of the Corporation whatsoever, shall be signed by such officers or agents of the Corporation, subject to such requirements as to countersignature or other conditions, as the Board of Directors from time to time may determine. Facsimile signatures on checks may be used if authorized by the Board of Directors.

Section 8.2. <u>Execution of Instruments Generally</u>.  Except as provided in Section 8.1, all deeds, mortgages, contracts and other instruments requiring execution by the Corporation may be signed by the President or the Secretary, and authority to sign any such contracts or instruments, which may be general or confined to specific instances, may be conferred by the Board of Directors upon any other person or persons.  Any person having authority to sign on behalf of the Corporation may delegate, from time to time, by instrument in writing, all or any part of such authority to any person or persons if authorized to do so by the Board of Directors.

Section 8.3. <u>Voting Securities Owned by Corporation</u>.  Securities having voting power in any other corporation owned by this Corporation shall be voted by the President, unless the Board confers authority to vote with respect thereto, which may be general or confined to specific investments, upon some other person.  Any person authorized to vote securities shall have the power to appoint proxies, with general power of substitution.

ARTICLE IX

VALIDATION OF CERTAIN CONTRACTS

Section 9.1. <u>Contracts and Other Transactions</u>.  No contract or other transaction between the Corporation and another person shall be invalidated or otherwise adversely affected by the fact that any one or more shareholders, Directors or officers of the Corporation --

(i)   is pecuniarily or otherwise interested in, or is a shareholder, director, officer, or member of, such other person, or

(ii)  is a party to, or is in any other way pecuniarily or otherwise interested in, the contract or other transaction, or

(iii) is in any way connected with any person pecuniarily or otherwise interested in such contract or other transaction,

provided (x) the fact of such interest and such contract or transaction shall be disclosed or known to the Board of Directors and the Board of Directors in good faith

authorizes the contract or transaction by a vote sufficient for such purpose without counting the vote of the interested person; (y) the fact of such interest and such contract or transaction shall be disclosed or known to the shareholders entitled to vote thereon, and the contract or transaction is specifically approved in good faith by vote of the shareholders; or (z) the contract or transaction is fair as to the Corporation as of the time it is authorized, approved or ratified by the Board of Directors or by the shareholders. Such director, shareholder or officer shall not be liable to account to the Corporation for any profit realized by him from or through any such contract or transaction approved or authorized as aforesaid. As used herein, the term "person" includes a corporation, partnership, firm, association or other legal entity.

## ARTICLE X

## GENERAL PROVISIONS

Section 10.1. <u>Fiscal Year</u>. The fiscal year of the Corporation shall be as selected by the Board of Directors.

Section 10.2. <u>Corporate Seal</u>. The Corporation shall have a corporate seal containing the name of the Corporation, its year of incorporation and the words "Corporate Seal - Pennsylvania".

Section 10.3. <u>Legal Holidays</u>. If any designated meeting of the Board of Directors or the shareholders shall fall on a legal holiday, such meeting shall be held on the next succeeding day not a legal holiday, unless a different date shall be designated by the Board.

Section 10.4. <u>Notice</u>. Whenever written notice is required to be given to any person by law, the Articles of Incorporation or these Bylaws, it may be given to such person, either personally or by sending a copy thereof through the mail, or by telegram, charges prepaid, to his address appearing on the books of the Corporation or supplied by him to the corporation for the purpose of notice. If the notice is sent by mail or by telegraph, it shall be deemed to have been given to the person entitled thereto when deposited in the United States mail or with a telegraph office for transmission to such person. Such notice shall specify the place, day and hour of the meeting.

Section 10.5. <u>Waiver of Notice</u>. Whenever any written notice is required to be given by law, the Articles of Incorporation or these Bylaws, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice. Except in the case of a special meeting of shareholders, neither the business to be transacted nor the purpose of the meeting need be specified in the waiver of notice of such meeting.

Section 10.6. <u>Waiver by Attendance</u>. Attendance of a person, either in person or by proxy, at any meeting shall constitute a waiver of notice of such meeting,

except where a person attends a meeting for the express purpose of objecting to the transaction of any business because the meeting was not lawfully called or convened.

Section 10.7.  Participation by Conference Telephone. One or more Directors or shareholders may participate in a meeting of the Board of Directors, of a committee of the Board or of the shareholders by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other. Participation in a meeting pursuant to this section shall constitute presence in person at such meeting.

Section 10.8.  Financial Statements. The Board of Directors shall determine whether financial statements shall be sent to shareholders, what such statements shall contain, when such statements shall be sent and whether such statements shall be audited or accompanied by the opinion of an independent or certified public accountant.

Section 10.9.  Corporate Records. The Corporation shall keep at one of its offices an original or duplicate record of the proceedings of the shareholders and the Board of Directors, and the original or a copy of its Bylaws including all amendments or alterations thereto to date, certified by the Secretary of the Corporation. An original or duplicate share register shall also be kept at such office of the Corporation, giving the names of the shareholders, their respective addresses and the number and classes of shares held by each. The Corporation shall also keep appropriate, complete and accurate books or records of account, which may be kept at any of its offices.


ARTICLE XI

AMENDMENTS

Section 11.1.  Amendment by Board of Directors. The Board of Directors shall have the power to make, amend and repeal these Bylaws by vote of a majority of Directors at any regular or special meeting duly convened after notice to the Board of that purpose, subject always to the power of the shareholders to change such action as provided in Section 11.2.

Section 11.2.  Amendment by Shareholders. The shareholders entitled to vote (i.e., Class A voting stock) shall have the power to make, amend and repeal these Bylaws by the vote of shareholders entitled to cast a majority of the votes which all shareholders are entitled to cast thereon, at any regular or special meeting duly convened after notice to the shareholders of that purpose.


End of By-Lays