# HACH ROSE SCHIRRIPA & CHEVERIE LLP
ATTORNEYS AT LAW

December 20, 2019

**VIA ECF**

Magistrate Judge Joel Schneider
United States District Court
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

        Re:   *Richard McBride, et al. v. Kline Construction Co., Inc., et al.*
                Docket No.: 1:19-cv-14275-NLH-JS

Dear Judge Schneider:

      As you know, we are co-counsel for the Plaintiffs in the above-referenced matter. Pursuant to the Court's November 18, 2019 Order, Plaintiffs submit this letter in Reply to the individual Defendants' December 9, 2019 Memorandum of Law ("Def. MOL") regarding the issue of whether this case should be temporarily stayed. (Dkt. No. 26).

      On December 19, 2019, counsel for the individual Defendants filed a letter with the Court advising that Kline's ("the Company") efforts in retaining an investment banker to pursue reorganization through a sale process have failed. (Dkt. No. 31). As a result, the Company is seeking the Bankruptcy Court's permission to convert the Chapter 11 case to Chapter 7. While Defendants' MOL alone was insufficient to warrant imposing a stay, yesterday's announcement that Kline was unable to secure the collateral necessary to finalize the sale is ultimately fatal to their position.

      The individual Defendants' argument for imposing a seventy-five day stay rests almost entirely on the Company's recently abandoned reorganization attempt through a sale process for obtaining an investor. Until that time, Defendants Edward Kline and Kathie Kline-Penate maintained that defending the lawsuit at this "critical point in the reorganization process" would hinder their ability to assist with Kline's reorganization. (Def. MOL, ¶¶ 6, 8).

      As noted in defense counsel's December 19th letter, the individual Defendants' reasons for seeking a seventy-five-day stay are no longer applicable. Specifically, now that the debtor Kline is no longer in the "midst of significant reorganization," the individual Defendants clearly fall short of establishing the existence of "unusual circumstances" sufficient to justify staying an action against non-debtors Edward Kline and Kathie Kline-Penate.

Magistrate Judge Schneider
December 20, 2019
Page 2

Any continued argument by the individual Defendants that their entitlement to indemnification pursuant to the Company's bylaws supports the stay would be equally deficient. As demonstrated more fully in Plaintiff's opening letter brief, Third Circuit Courts consistently decline to find unusual circumstances where the plaintiffs allege that each of the non-bankrupt defendants are independently liable for breaches of fiduciary duties they owed to plaintiff, ***including claims brought under ERISA.*** (*See,* 29 U.S.C. §§ 1002(21), 1104 (fiduciary standards), 1109 (liability provision)).

Here, Plaintiffs' claims against Edward Kline and Kathie Kline-Penate are premised on breaches of ERISA-mandated fiduciary duties that are not merely derivative of the individual Defendants' positions as Officers and Directors of Kline. Defendants' reliance on the indemnification provisions of Kline's bylaws to circumvent their fiduciary obligations under ERISA is improper and does not create the type of unusual circumstance contemplated by the Courts.

Additionally, individual Defendants' MOL disregards certain case law that is highly instructive to the issues before the Court. Specifically, Defendants fail to address *Stanford v. Foamex L.P.,* No. 07-4225, 2009 U.S. Dist. LEXIS 32405, at *7 (E.D. Pa. Apr. 15, 2009), a case where the Court rejected the non-debtor defendants' argument that unusual circumstance exists warranting a stay due to the existence of indemnification agreements with the debtor. Critically, despite the presence of indemnification obligations, the *Sanford* Court still declined to impose a stay due to plaintiff's allegations that each of the non-bankrupt defendants were independently liable for breaches of fiduciary duties owed to plaintiff under ERISA. *Stanford,* 2009 U.S. Dist. LEXIS 32405, at *11. The same analysis should apply here.

Finally, Defendants' attempt to distinguish the *Kernaghan & Co. v. Global Intellicom, Inc.* No. 99-cv-3005, 2000 U.S. Dist. LEXIS 6650, at *15 (S.D.N.Y. May 17, 2000) offered by Plaintiffs on the grounds that the debtor corporation in *Kernaghan* was undergoing a chapter 7 liquidation, where as "Kline is vigorously pursuing a chapter 11 reorganization and has retained an investment banker to assist in such efforts." (Def. MOL, ¶ 7). Given Kline's recent application to convert the bankruptcy's case to chapter 7, the *Kernaghan* decision lends even greater support to Plaintiffs' position.

For the foregoing reasons, it is respectfully submitted that staying this action would be improper and Plaintiffs should be permitted to proceed with their claims against the individual Defendants.

Respectfully submitted,

John A. Blyth

Magistrate Judge Schneider
December 20, 2019
Page 3

cc:    All Counsel of Record (via ECF)